**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| EMERY DAVID WALICK, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18-cv-01704 |
| | ) | |
| MALLINCKRODT, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**DEFENDANT COTTER CORPORATION (N.S.L.)'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Cotter Corporation (N.S.L.) ("Cotter") by and through its undersigned attorneys, respectfully submits the following answer and affirmative defenses to Plaintiff's Complaint (the "Complaint"). Except as expressly stated below, Cotter answers and responds only to those allegations contained in the Complaint directed toward Cotter. Cotter denies each and every allegation in the Complaint's section headings and in all portions of the Complaint not contained in numbered paragraphs. Cotter denies each and every allegation in the Complaint not specifically admitted below. Cotter is without knowledge or information sufficient to form a belief concerning the truth of the allegations in the Complaint directed toward other defendants and, on that basis, denies all such allegations, and denies that such allegations support any claim for relief against Cotter. Cotter answers and responds to each of the allegations in the Complaint as follows:

**INTRODUCTION**

1. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, therefore, denies the same.

## REGULATORY HISTORY APPLICABLE TO MALLINCKRODT

2.  Paragraph 2 is a legal conclusion to which no response is required.

3.  Paragraph 3 is a legal conclusion to which no response is required.

4.  Paragraph 4 is a legal conclusion to which no response is required.

5.  Paragraph 5 is a legal conclusion to which no response is required.

6.  Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, therefore, denies the same.

7.  Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, therefore, denies the same.

8.  Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, therefore, denies the same.

9.  Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, therefore, denies the same.

10. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, denies the same.

11. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies the same.

12. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, denies the same.

13. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, denies the same.

## REGULATORY HISTORY APPLICABLE TO COTTER

14. Paragraph 14 is a legal conclusion to which no response is required.

15. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, therefore, denies the same.

16. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, therefore, denies the same.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Paragraph 21 is a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

22. Paragraph 22 is a legal conclusion to which no response is required.

23. Paragraph 23 is a legal conclusion to which no response is required.

## PARTIES

24. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, therefore, denies the same.

25. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, therefore, denies the same.

26. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, therefore denies the same, except that it denies the first sentence of Paragraph 26.

## BACKGROUND

27. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, therefore, denies the same.

28. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, therefore, denies the same.

29. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, therefore, denies the same.

30. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, therefore, denies the same.

31. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, therefore, denies the same.

## THE ST. LOUIS FUSRAP SITES

32. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and, therefore, denies the same.

**The St. Louis Downtown Site ("SLDS"):**

33. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and, therefore, denies the same.

34. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and, therefore, denies the same.

35. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and, therefore, denies the same.

**The North St. Louis County Sites:**

36. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, therefore, denies the same.

37. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and, therefore, denies the same.

38. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and, therefore, denies the same.

39. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and, therefore, denies the same.

40. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and, therefore, denies the same.

41. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and, therefore, denies the same.

42. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and, therefore, denies the same.

43. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and, therefore, denies the same.

44. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and, therefore, denies the same.

45. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and, therefore, denies the same.

## SITE HISTORY

46. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and, therefore, denies the same.

47. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and, therefore, denies the same.

48. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and, therefore, denies the same.

49. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and, therefore, denies the same.

50. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and, therefore, denies the same.

51. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and, therefore, denies the same.

52. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and, therefore, denies the same.

53. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and, therefore, denies the same.

54. Denied.

## INVESTIGATION OF CONTAMINATION

55. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and, therefore, denies the same.

56. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and, therefore, denies the same.

57. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and, therefore, denies the same.

58. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint and, therefore, denies the same.

## TOPOGRAPHY AND DRAINAGE OF CONTAMINANTS

59. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint and, therefore, denies the same.

60. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and, therefore, denies the same.

61. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and, therefore, denies the same.

62. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint and, therefore, denies the same.

63. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and, therefore, denies the same.

64. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint and, therefore, denies the same.

65. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and, therefore, denies the same.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## CAUSE OF ACTION PURSUANT TO THE PRICE ANDERSON ACT

70. Cotter incorporates by reference its responses to the allegations contained in the preceding paragraphs of the Complaint as if fully repeated herein.

71. Paragraph 71 is a legal conclusion to which no response is required.

72. Denied.

73. Paragraph 73 is a legal conclusion to which no response is required.

74. Paragraph 74 is a legal conclusion to which no response is required.

75. Paragraph 75 is a legal conclusion to which no response is required.

76. Denied.

77. Denied.

78. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint and, therefore, denies the same.

79. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint and, therefore, denies the same.

80. Paragraph 80 is a legal conclusion to which no response is required.

81. Paragraph 81 is a legal conclusion to which no response is required.

82. Paragraph 82 is a legal conclusion to which no response is required.

83. Denied.

84. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint and, therefore, denies the same.

85. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint and, therefore, denies the same.

86. Denied.

87. Denied.

88. Cotter is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint and, therefore, denies the same.

89. Denied.

## **PRAYER FOR RELIEF**

Cotter denies that Plaintiff has the right to such relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Cotter also asserts the following additional defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

Plaintiff's purported claims are barred, in whole or in part, because Plaintiff has failed to state a claim against Cotter upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (No Injury, Harm or Damage)

Plaintiff's purported claims are barred, in whole or in part, because Plaintiff has not been harmed by any alleged acts of Cotter.

### THIRD AFFIRMATIVE DEFENSE

### (No Duty)

Plaintiff's purported claims are barred, in whole or in part, because Cotter has not breached any duty or applicable standard of care owed to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

### (No Proximate Causation)

Plaintiff's purported claims are barred, in whole or in part, because no conduct attributable to Cotter was the cause in fact or the proximate cause of the damages, if any, sustained by Plaintiff, nor a substantial factor in bringing about said damages.

### FIFTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations and/or Repose)

Plaintiff's purported claims are barred, in whole or in part, by the applicable statutes of

limitations and/or repose.

## SIXTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

Plaintiff's purported claims are barred, in whole or in part, because Plaintiff voluntarily assumed the risk of any and all conditions and damages alleged.

## SEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Conduct)

Plaintiff's purported claims are barred, in whole or in part, because Plaintiff's negligence or other wrongful conduct proximately caused and/or contributed to the alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Intervening and/or Superseding Cause)

Plaintiff's purported claims are barred, in whole or in part, because any injuries or damages sustained by Plaintiff as alleged in the Complaint were proximately caused, in whole or in part, by acts of God and/or by intervening and/or superseding acts or omissions of others for which Cotter is not legally liable.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

If Plaintiff has suffered damages by virtue of any conduct, acts or omissions of Cotter, which is denied, Plaintiff has not acted reasonably to protect herself and/or has failed to mitigate any such damages which he alleges he may have sustained.

## TENTH AFFIRMATIVE DEFENSE

### (Non-Joinder of Parties)

Plaintiff's purported claims are barred, in whole or in part, because Plaintiff has failed to

join all persons necessary for a just adjudication of this matter.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's purported claims are barred, in whole or in part, by the doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's purported claims are barred, in whole or in part, by the doctrine of estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

Plaintiff's purported claims are barred, in whole or in part, by the doctrine of ratification.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's purported claims are barred, in whole or in part, by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's purported claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff's purported claims are barred, in whole or in part, because Plaintiff has suffered no compensable damages as a result of any actions taken by Cotter and/or otherwise lack standing to seek relief.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Contributory/Comparative Negligence and/or Fault)**

Plaintiff's purported claims are barred, in whole or in part, because Plaintiff's contributory and/or comparative negligence and/or contributory and/or comparative fault.  If Plaintiff recovers damages, Cotter is entitled to have the amount abated, reduced, apportioned or eliminated to the extent of Plaintiff's comparative negligence and fault.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Acts of Third Parties)**

Plaintiff's purported claims are barred, in whole or in part, because Plaintiff's damages, if any, were the direct and proximate result of wrongful conduct, intentional acts, negligence and/or intervening conduct of third parties for whom Cotter is not legally liable.  In the event that Plaintiff is found to have sustained damages, Cotter is liable only for that portion of any damages which correspond to the degree of fault or responsibility of Cotter and not for the acts, negligence or fault of any other person or entity.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Satisfaction of Duty)**

Plaintiff's purported claims are barred, in whole or in part, because Cotter has satisfied, fulfilled and performed each and every obligation and duty imposed by law, if any, to the full extent of its responsibility.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Standard of Care)**

Plaintiff's purported claims are barred, in whole or in part, because Cotter and its agents and/or employees acted with due care and otherwise conducted themselves at all relevant times

as reasonable people and/or entities under the circumstances.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff's purported claims are barred, in whole or in part, because Plaintiff ratified, consented to, and acquiesced to the acts, omissions or conduct, if any, of Cotter or other third parties, thus barring Plaintiff from any relief as prayed for in the Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Consent by Third Parties)

Plaintiff's purported claims are barred, in whole or in part, because if Cotter is in any way liable in this case, which is denied, other third parties consented to all acts and conduct of Cotter.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Plaintiff's Knowledge)

Plaintiff's purported claims are barred, in whole or in part, because Plaintiff at all times had actual and/or constructive knowledge of the circumstances upon which the Complaint is based, and that Plaintiff expressly accepted those circumstances.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Discharge of Obligation)

Plaintiff's purported claims are barred, in whole or in part, because any obligation Cotter may have owed to Plaintiff has been satisfied, released or otherwise discharged.  Therefore, Plaintiff has suffered no damages and is not entitled to bring this action against Cotter.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Plaintiff's purported claims are barred, in whole or in part, and Plaintiff may not recover

damages due to the failure of Plaintiff to take actions to avoid his alleged injuries and damages, if any, alleged in the Complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (State of the Art)

Plaintiff's purported claims are barred, in whole or in part, because at all times and places mentioned in the Complaint, Cotter complied with the state of the art, and therefore, Plaintiff is not entitled to recover from Cotter as a matter of law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Unforeseeable Risk of Harm)

Plaintiff's purported claims are barred, in whole or in part, because the injuries or damages alleged in the Complaint were not known to Cotter, nor did Cotter have reason to know of the risk of said harm.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Exposure)

Plaintiff's purported claims are barred, in whole or in part, because the exposure of Plaintiff's, if any, to any alleged radioactive material, substance, or chemical from Cotter's alleged acts was so minimal as to be insufficient to establish by a reasonable degree of probability that any such exposure cause any alleged injury, damage or loss.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Remote, Indirect and/or Speculative Damages)

Plaintiff's purported claims are barred, in whole or in part, because the damages Plaintiff seeks are not recoverable because they are legally too remote, indirect and/or speculative.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Compliance with Law)

Plaintiff's purported claims are barred, in whole or in part, because at all times relevant herein, the conduct of Cotter conformed to all applicable laws, rules, regulations, licenses, and industry standards applicable thereto.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Retroactivity)

Plaintiff's purported claims are barred, in whole or in part, to the extent that Plaintiff seeks the retroactive application of statutes, rules, regulations or common-law standards of conduct, or otherwise seek to impose liability retroactively for conduct that was not actionable at the time it occurred, which violates the Constitution of the United States and the Constitution of the State of Missouri.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Punitive Damages)

Plaintiff's purported claims for punitive damages are barred, in whole or in part, because an award of punitive damages would violate Cotter's procedural and substantive due process rights and equal protection rights under the Constitution of the United States and the Constitution of the State of Missouri.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Plead Exposure in Excess of the Federal Dose Limit)

Plaintiff's purported claims are barred, in whole or in part, because Plaintiff fails to plead that his exposure was in excess of 500 millirems.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Cotter reserves the right to assert additional defenses that may become applicable during the course of the litigation.

## PRAYER

**WHEREFORE**, Cotter prays as follows:

1. That Plaintiff takes nothing under the Complaint;

2. That judgment be entered in favor of Cotter and against Plaintiff on its sole cause of action in the Complaint;

3. That Cotter be awarded its costs of suit and attorneys' fees incurred herein; and

4. That the Court award Cotter such other and further relief as it deems proper.

Dated: October 23, 2018                    Respectfully submitted,


                                           /s/ Erin L. Brooks
                                           BRYAN CAVE LEIGHTON PAISNER LLP
                                           Dale A. Guariglia, Mo. Bar 32988
                                           daguariglia@bclplaw.com
                                           Erin L. Brooks, Mo. Bar 62764
                                           erin.brooks@bclplaw.com
                                           One Metropolitan Square
                                           211 N. Broadway, Suite 3600
                                           St. Louis, Missouri 63102
                                           (314) 259-2000 (telephone)
                                           (314) 259-2020 (facsimile)

                                           ATTORNEYS FOR DEFENDANT
                                           COTTER CORPORATION (N.S.L.)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 23rd day of October, 2018, I electronically filed the above with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

/s/   Erin L. Brooks
ATTORNEYS FOR DEFENDANT COTTER
CORPORATION (N.S.L.)